1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TERRI MOORE, an individual, | Case No. 2:20-cv-01965-ART-DJA |
| Plaintiff, | ORDER |
| v. | |
| BJ's RESTAURANTS OPERATIONS COMPANY; ROES I-X; and DOE CORPORATIONS I-X, inclusive, | |
| Defendants. | |

Plaintiff Terri Moore brings this action for damages against Defendant BJ's Restaurants Operations Company ("BJ's") along with Roe defendants and Doe corporations based on injuries she suffered when she slipped and fell on a slippery substance that was allegedly present. Plaintiff argues that BJ's negligently failed to remedy or give warning of this dangerous condition. Plaintiff filed her complaint in the Clark County, Nevada, District Court (ECF No. 1-3) and BJ's removed the case to this Court (ECF No. 1). Before the Court are: (1) BJ's motion for summary judgment which argues that Plaintiff has not carried her burden because she cannot identify what substance, if any, caused her fall, and she has not presented evidence that BJ's caused or was on actual or constructive notice of this condition (ECF No. 32); and (2) BJ's motion to strike a declaration from Plaintiff's friend who was allegedly present on the date of the fall from Plaintiff's response to BJ's summary judgment motion due to Plaintiff's failure to timely disclose the friend as a witness (ECF No. 37). For the reasons set forth in this order, the Court denies BJ's motion to strike and denies BJ's summary judgment motion.

## I.    BACKGROUND

Plaintiff began this action on September 22, 2020, by filing a complaint in

the Clark County, Nevada, District Court. (ECF No. 1-3.) BJs answered the complaint on October 13, 2020. (ECF No. 1-7.) BJ's removed the case to this Court on October 23, 2020. (ECF No. 1.) Plaintiff's complaint alleged:

> That on September 8, 2019 plaintiff, TERRI MOORE, slipped on a wet substance and fell on the floor while walking to the women's restroom at the BJ'S RESTAURANT, located on 2888 Evergold Dr., Henderson, Nevada 89047 causing her to suffer severe bodily injuries.
>
> That the defendants negligently maintained the premises in an unsafe condition to wit: 1) left the wet floor unattended; and 2) failed to give notice of the wet substance on the floor.
>
> That the defendants knew or should have known that leaving a wet substance on the floor and failing to give notice to that dangerous condition created a hazard to customers walking to the restroom of defendant's restaurant.
>
> That as direct and proximate result of the aforementioned negligence of the defendants, plaintiff TERRI MOORE, sustained injuries to her body and limbs, organs and systems, severe pain and suffering some or all of which conditions may be permanent and disabling, all to his damages in a sum in excess of $ 50,000.

(ECF No. 1-3 at V–VIII.)

The Court issued a discovery plan and scheduling order on December 16, 2020 which set a discovery cutoff date of April 21, 2021. (ECF No. 17.) Discovery was extended for 180 days by stipulation (ECF Nos. 21, 22), then for 60 days on Plaintiff's motion (ECF Nos. 23, 26), then for two additional 60 day periods by stipulation which brought the discovery cutoff date to April 21, 2022. (ECF Nos. 27, 28, 29, 30).

## II.    MOTION FOR SUMMARY JUDGMENT

BJ's brought its motion for summary judgment on May 17, 2021 (ECF No. 32), to which Plaintiff responded (ECF No. 35) and BJ's replied (ECF No. 36).

### A.    ARGUMENTS AND EVIDENCE PRESENTED

BJ's proffers a declaration from BJ's server Ashley Leidy who stated that she witnessed a guest, ostensibly Plaintiff, "headed to the restroom when she tripped over her heels and fell forward, landing on her stomach[,]" as well as an

incident report prepared by BJ's Restaurant Manager Jamie Uphoff which stated that the "[f]loor was clean and dry but there was evidence of a scuff mark presumed to have been from the sandals of guest." (ECF Nos. 32-3, 32-4.) BJ's cites to Plaintiff's deposition testimony in which she states that she cannot describe the alleged white substance and that she did not know what it was. (ECF No. 32-7.) BJ's also provides the expert report of biomechanical expert Dr. Joseph Peles which analyzes Plaintiff's gait based on the surveillance video and states, in sum, that Plaintiff likely fell because she "underwent an abnormal gait pattern" while "looking at her cell phone" which was "probably exacerbated by [Plaintiff's] footware[.]" (ECF No. 32-9.)

From these materials BJ's argues that Plaintiff cannot establish that BJ's breached its duty of care because Plaintiff cannot identify what, if anything, caused her fall. (ECF No. 32 at 6-9.) According to BJ's, the duty to keep its premises in a reasonably safe condition for use can be breached if BJ's had either actual or constructive notice of the dangerous condition or caused the condition, here the alleged white substance. BJ's claims that the undisputed evidence establishes that BJ's did not have actual notice and argues that the fact that Plaintiff cannot identify the alleged substance means that Plaintiff cannot carry her burden to show breach of duty under a constructive notice theory or a theory that the condition was caused by BJ's. BJ's also argues that Plaintiff cannot establish the element of causation for the same reasons. (*Id.* at 9-10.)

Plaintiff responds that the factual questions of whether there was a white substance and whether BJ's had actual or constructive notice or caused the condition preclude summary judgment. (ECF No. 35.) Plaintiff cites to her own deposition testimony in which she states that she slipped on a white substance (ECF No. 35-1) and provides a declaration from her friend Nicole Shelton who accompanied Plaintiff to the restaurant on the date of the fall and who states that she went "to look at the condition of the floor where [Plaintiff] had fallen" and that

it "appeared to be covered in a syrupy substance with a shite sheen as if someone had dropped syrup or fat and smeared the syrup or fat across the floor." (ECF No. 35-2 at 2.) Ms. Shelton also opines that it "appeared it [had] not been cleaned from the day prior[.]" (*Id.*) Plaintiff argues that this proposed testimony shows that there is a genuine issue of fact as to whether BJ's was on constructive notice of the condition since a jury could find that the condition would have been present for such a time that BJ's should have reasonably discovered the condition. (ECF No. 35 at 8-10.) Plaintiff also argues that BJ's was negligent per se and that BJ's had actual knowledge of a dangerous condition because BJ's did not follow Nevada regulations relating to restaurant cleaning and because the floor material used by BJ's is too slippery when wet under applicable building codes, as shown by Plaintiff's biomechanical expert Justin Brinks, who tested BJ's floor. (ECF No. 35-3.)

BJ's replies that video surveillance can show that Ms. Shelton did not actually inspect the area of Plaintiff's fall, that Plaintiff has not refuted the testimony of BJ's Restaurant Manager Mr. Uphoff that the floor "was clean and dry[,]" and that Plaintiff's expert report opining that the floor was dangerously slippery "when wet" does not create a genuine issue of fact since Plaintiff cannot identify what substance, if any, the floor was "wet" with. (ECF No. 36.)

**B.   LEGAL STANDARD**

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving

party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). The court must view the facts in the light most favorable to the non-moving party and give it the benefit of all reasonable inferences to be drawn from those facts. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once the moving party satisfies Rule 56's requirements, the burden shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists[.]" *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991).

### C.   DISCUSSION

To show negligence in a slip-and-fall matter, Plaintiff must show that Defendant was negligent. *See Estate of Smith ex rel. Smith v. Mahoney's Silver Nugget, Inc.*, 127 Nev. 855, 857–58, 265 P.3d 688, 690 (2011). To prevail on a negligence claim under Nevada law, a plaintiff must establish four elements: (1) the existence of a duty of care, (2) a breach of that duty, (3) legal causation, and (4) damages. *See Sanchez ex rel. Sanchez v. Wal-Mart Stores, Inc.*, 221 P.3d 1276, 1280 (Nev. 2009). A business owner will be liable for breaching its duty to patrons if the business owner or his or her agents cause a foreign substance to spill on the floor or, if the foreign substance results from the actions of persons other than the business or its agents, the business had actual or constructive notice of the condition and failed to remedy it. *FGA, Inc. v. Giglio*, 128 Nev. 271, 280, 278 P.3d 490, 496 (2012) (citing *Sprague v. Lucky Stores, Inc.*, 109 Nev. 247, 250, 849 P.2d 320, 322-23 (1993)). The question of whether a business was on constructive

notice of a condition is generally a question of fact for the jury. *Sprague*, 109 Nev. at 250–51.

On the element of breach of duty, the Court finds that genuine issues of material fact exist as to both whether there was a dangerous condition, namely a white substance or other substance, and whether BJ's had actual or constructive notice of the condition or caused the condition. On the presence of a dangerous condition, Plaintiff will testify that she slipped on a white substance while BJ's witnesses will testify that the floor was clean and dry. Plaintiff also proffers the declaration of Nicole Shelton, which BJ's counters with video surveillance. It is the role of the jury to credit this testimony and weigh this evidence. Questions of fact also remain on the questions of actual and constructive notice, such as whether any BJ's employees had inspected the area before Plaintiff's fall and how long the condition existed. Plaintiff testified in her deposition that there were no other restaurant patrons in the area of Plaintiff's fall, from which a reasonable juror could draw the inference that the condition would have existed for some time, since it could not have been recently caused by a guest.

The Court disagrees with BJ's that Plaintiff's claim under a constructive notice theory should fail as a matter of law because Plaintiff cannot identify precisely what substance she slipped on. The cases cited by BJ's involved plaintiffs who could not identify the cause of their injury at even a high level of generality. *E.g.*, *Goff v. Holland Am. Line, Inc.*, 2007 WL 3357017, at *2 (W.D. Wash. 2007) (granting summary judgment where the plaintiff speculated that her fall during an aerobics class on a cruise ship may have been caused by placement of equipment or overcrowding or the rolling of the ship and admitted in her deposition that she did not know what caused her to fall). Here, by contrast, Plaintiff clearly claims that she fell due to a white substance on the floor. This case is also factually distinct from *Galvez v. Target Corp.*, 2014 WL 12601329 (C.D. Cal. Aug. 12, 2014), which granted summary judgment where the plaintiff

slipped on a colorless liquid in a department store because here, Plaintiff alleges that she slipped on a visible substance in a restaurant where no other patrons were present, which can reasonably support a jury finding of constructive notice.

Factual questions also remain as to the element of causation, as both parties' experts illustrate. BJ's argues, citing its biomechanical expert report, that Plaintiff tripped on her heels while looking at her phone while walking, which could have caused Plaintiff to fall regardless of whether any dangerous condition existed. Conversely, Plaintiff argues, citing her expert's testing of BJ's floor, that the BJ's floor was dangerously slippery when wet even without a foreign substance (other than water). It is the role of the jury to evaluate these factual issues. BJ's motion for summary judgment is denied.

## III.   MOTION TO STRIKE

BJ's moves to strike the declaration of Ms. Shelton from Plaintiff's response to its motion for summary judgment because Plaintiff did not identify the declaration of Ms. Shelton in her response to BJ's request for written discovery and because when Ms. Shelton was listed in Plaintiff's supplemental list of witnesses and exhibits, her designation was "woefully insufficient" for failing to disclose her address, telephone number, and general subject matter of her testimony. (ECF No. 37 at 2.) BJ's argues that Plaintiff's discovery violations precluded BJ's from deposing Ms. Shelton and presenting rebuttal to her testimony. (*Id.* at 6.) Plaintiff responds that BJ's has been aware of Ms. Shelton's identity since at least Plaintiff's answers to BJ's first set of interrogatories dated January 14, 2021, and that BJ's has not been harmed by any error, if any, since BJ's has had ample opportunity to depose Ms. Shelton. (ECF No. 39.)

The Court declines to strike Ms. Shelton's declaration. As explained above, Plaintiff's own testimony weighed against the testimony of BJ's' witnesses creates a genuine issue of material fact. Ms. Shelton's declaration is largely duplicative of Plaintiff's testimony, therefore striking Ms. Shelton's declaration would not

affect the outcome of the motion. The Court also agrees that BJ's has had enough time to depose Ms. Shelton given the numerous discovery extensions granted in this case, which, notably, the parties stipulated were for the purpose of "[d]epositions of fact witnesses." (E.g., ECF No. 21 at 3.) BJ's motion to strike is denied.

## IV.    CONCLUSION

Based on the above and in consideration of the record as a whole, the Court denies BJ's motion for summary judgment. (ECF No. 32.)

The Court denies BJ's motion to strike. (ECF No. 37.)

DATED THIS 3rd day of March 2023.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE